```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA         :       08 CR. 84 (DC)

       - v. -                    :

Jason Smith,                     :

               Defendant.        :

--------------------------------X
```

## DEFENDANT JASON SMITH'S MOTIONS *IN LIMINE*

 

```
                              LEONARD F. JOY, ESQ.
                              Federal Defenders of New York
                              Attorney for Defendant
                              JASON SMITH
                              52 Duane Street - 10th Floor
                              New York, New York 10007
                              Tel.: (212) 417-8767


                              FIONA M. DOHERTY
                              DEIRDRE D. VON DORNUM

                              Of Counsel


TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One. St. Andrew's Plaza
     New York, New York 10007
     Attn: AMIE N. ELY, ESQ.
           Assistant United States Attorney
```

July 18, 2008

**BY HAND DELIVERY AND ECF**

Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  **United States v. Jason Smith**
          **08 Cr. 84 (DC)**

Dear Judge Chin:

    The defense respectfully submits the following six motions *in limine*, in advance of the trial, which is scheduled to begin August 4, 2008. The defense asks that: (1) the government be precluded from making any reference to, or introducing any evidence pertaining to, injuries sustained by Sergeant Baez during the arrest of Mr. Smith; (2) the government be prohibited from making any reference to, or introducing any evidence pertaining to, three characteristics of the gun that are not probative of any element the government must prove at trial, *i.e.*, that it was loaded, that it was operable and that at some time in the past it had been discharged; (3) the jury learn only the fact that Mr. Smith was previously convicted of a felony, that there be no reference to the name or nature of Mr. Smith's prior conviction, and the jury receive a limiting instruction at the time the prior conviction stipulation is entered into evidence; (4) should Mr. Smith decide to testify, the government be limited to questioning Mr. Smith about the fact and name of one of his prior felony convictions, without reference to its underlying facts, and that all other questioning about his prior convictions be excluded pursuant to Federal Rules of Evidence 609 and 403; (5) the government be prohibited from offering extrinsic evidence to impeach Mr. Smith's character for truthfulness; and, (6)  Mr. Smith's "a/k/a"s be redacted from the indictment.

    The government has indicated to the defense that it does not intend to introduce any 404(b) evidence in its case-in-chief and

Honorable Denny Chin                                      July 18, 2008
United States District Judge                                     Page 3
Southern District of New York

      Re:  **United States v. Jason Smith**
           **08 Cr. 84 (DC)**

has agreed to not purposely use the phrase "convicted felon" in referring to Mr. Smith before the jury. The parties are seeking to reach agreement on portions of prison calls the government wishes to play at trial that it contends inculpate Mr. Smith.

## I. EVIDENCE THAT MR. SMITH STRUCK A POLICE OFFICER AND DETAILS OF THE OFFICER'S ALLEGED INJURIES SHOULD BE PRECLUDED.

      Sergeant Baez, one of the officers involved in Mr. Smith's arrest, claims that Mr. Smith struggled with him and fled in order to resist arrest. According to the complaint, Mr. Smith struck Sergeant Baez in the face and tried to run away while Sergeant Baez was attempting to stop him. Sergeant Baez will apparently allege that Mr. Smith hit him in the face with a closed fist and caused injuries. The government has recently disclosed photographs of Sergeant Baez that appear to show a graze underneath Sergeant Baez's chin, cuts to his knees, and cuts to his knuckles. (A copy of these photographs is attached as Exhibit A). The defense does not know if the government will allege that Sergeant Baez suffered any injuries beyond those shown in the photographs. We understand, however, that the government is planning to elicit testimony about Sergeant Baez's injuries from its witnesses at trial and may seek to introduce the pictures of Sergeant Baez.

      The defense appreciates that some reference to Mr. Smith's flight and the struggle between him and Sergeant Baez is relevant to the government's case at trial. Sergeant Baez's account of the flight and struggle is part of his explanation of Mr. Smith's arrest. Such testimony might help establish the time-line for his interactions with Mr. Smith – in particular, when exactly Sergeant Baez contends he saw Mr. Smith with a gun. According to the complaint, he claims that he saw Mr. Smith throw a gun from his waistband while he was trying to arrest Mr. Smith, sometime after the alleged punch. We also assume that the government may claim that testimony regarding the flight and struggle is relevant to whether Mr. Smith demonstrated consciousness of guilt before his arrest.

      Details of the struggle, including any description of the injuries Sergeant Baez sustained, should be excluded, however, because they are not relevant to any of the elements the government must prove at trial, and are not necessary to

Honorable Denny Chin                                              July 18, 2008
United States District Judge                                           Page 4
Southern District of New York

    **Re:  United States v. Jason Smith**
         **08 Cr. 84 (DC)**

establish either consciousness of guilt or the time-line of the arrest.  The government does not have to establish that Sergeant Baez was punched – or that he suffered any particular injuries – in order to demonstrate how, when, and where he allegedly saw the gun.  It is sufficient for Sergeant Baez to testify generally that there was a struggle between him and Mr. Smith and that Mr. Smith sought to evade arrest.

    Even if the Court were to deem the alleged punch and Sergeant Baez's injuries to be relevant to the government's case at trial, these details should be precluded under Federal Rule of Evidence 403.  Rule 403 directs the Court to exclude evidence, although relevant, "if its probative value is substantially outweighed by any danger of unfair prejudice."  Fed.R.Evid. 403.  The Court has "broad discretion under Rule 403 to balance the probative value of evidence against the risk of prejudice."  United States v. Awadallah, 436 F.3d 125, 134 (2d Cir. 2006).

    In this case, the danger of unfair prejudice relating to the details of the struggle – and the injuries the officer reportedly suffered – greatly outweighs any potential probative value.  The admission of this evidence would unfairly prejudice Mr. Smith by suggesting to the jury that he is exactly the kind of violent person who is prone to owning a firearm.  The jury might well conclude that someone capable of punching a police officer (a public servant) in the face and causing other injuries is the type of person who would not hesitate to carry a gun. This kind of propensity evidence is not permissible.  See, e.g., Fed.R.Evid. 404(b) (precluding admission of bad acts evidence in the government's direct case "to prove the character of a person in order to show action in conformity therewith"); United States v. Bok, 156 F.3d 157, 165 (2d Cir. 1998) (noting that others acts evidence is not admissible to show criminal propensity).

    The potential prejudice to Mr. Smith is clear.  The jury may decide to convict based on a supposition that Mr. Smith is a bad and dangerous person, rather than on the evidence presented against him at trial.  Admitting details regarding the alleged punch to Sergeant Baez's face and the injuries to his face, legs, and hand would allow the government to improperly bolster its case against Mr. Smith by drawing the jury's attention away from the evidence needed to prove the elements of the charges against him.  No curative instruction would be sufficient to dispel the

Honorable Denny Chin  
United States District Judge  
Southern District of New York  

July 18, 2008  
Page 5  

    Re: **United States v. Jason Smith**  
         **08 Cr. 84 (DC)**

prejudice that would be incurred by admitting this kind of inflammatory testimony.

    Detailed testimony from Sergeant Baez about the nature of his injuries should also be excluded on the grounds that it will prompt an unnecessary mini-trial on the actual cause of those injuries. If the government is permitted to elicit details regarding the cuts to Sergeant Baez's chin, knees, and knuckles, the defense must be allowed to develop any and all evidence contesting the source and circumstances of those injuries. We believe that Sergeant Baez suffered the injuries in question in the course of using unnecessary and brutal force in trying to arrest Mr. Smith. In particular, we contend that Sergeant Baez hit Mr. Smith repeatedly and slammed his head into the pavement, causing him to lose consciousness temporarily. The cuts to Sergeant Baez's knuckles are consistent with Mr. Smith's account of the struggle – and it would be unfair if the defense were not permitted to fully and vigorously introduce evidence to contest Sergeant Baez's account of his injuries. This would include calling any witnesses who provided Sergeant Baez with medical attention, questioning all police officers who came to the scene regarding Sergeant Baez's statements about the struggle, questioning the police officers about why they did not call for medical attention for Mr. Smith, introducing color photographs of Mr. Smith shortly after his arrest (which the government has not yet produced)[1], eliciting testimony from civilian witnesses who observed the struggle, introducing medical records concerning the attention Mr. Smith received in state custody, eliciting testimony from Mr. Smith (should he choose to testify), and calling any other witnesses at the precinct or Rikers Island who might have observed Mr. Smith after his arrest. This side-show involving police brutality and the alleged attack on a police officer would derail an otherwise relatively straight-forward trial, unnecessarily distract the jury, and likely prevent Mr. Smith from receiving a fair trial on the only actual issue at

---

    [1] To date, the government has been able to produce only a grainy black and white copy of Mr. Smith's two New York arrest photographs. The poor quality of these photographs, which are only of Mr. Smith's head and shoulders, lies in sharp contrast to the clear and detailed pictures of Sergeant Baez's injuries.

Honorable Denny Chin　　　　　　　　　　　　　　　　　　July 18, 2008
United States District Judge　　　　　　　　　　　　　　　　　　Page 6
Southern District of New York

    Re:　**United States v. Jason Smith**
　　　　　**08 Cr. 84 (DC)**

hand, whether he possessed the weapon in question and two dime bags of marijuana on January 5, 2008.

    For all of the foregoing reasons, the defense respectfully requests that details of the struggle between Sergeant Baez and Mr. Smith – including any mention of the alleged punch and injuries – be precluded from the government's case at trial. The government should be permitted to elicit only that there was a struggle and that Mr. Smith tried to run.

**II.　THE GOVERNMENT SHOULD BE PROHIBITED FROM INTRODUCING EVIDENCE THAT THE GUN WAS LOADED, OPERABLE, OR HAD BEEN DISCHARGED PREVIOUSLY.**

    **A.　　THE GOVERNMENT SHOULD BE PRECLUDED FROM STATING OR INTRODUCING EVIDENCE THAT THE FIREARM AT ISSUE WAS LOADED AND THE INDICTMENT SHOULD BE REDACTED ACCORDINGLY.**

    Mr. Smith respectfully requests that the Court preclude the government from introducing evidence that the firearm was loaded. Evidence that the firearm was loaded is not probative of any of the elements that the government must prove in its case. With respect to the possession element, the statute requires only knowing possession of a firearm, not knowing possession of a loaded firearm. See 18 U.S.C. § 922(g)(1).

    The only purpose of admitting such evidence would be to inflame the passions of the jury. The jury may become improperly focused on the dangers posed by a loaded weapon on a city street rather than on the evidence that relates to the elements at issue in this case. Because the dangers of unfair prejudice outweigh the non-existent probative value of the evidence, the Court should preclude evidence that the firearm was loaded under Fed.R.Evid. 401 and Fed.R.Evid. 403.

    If the Court precludes the government from introducing evidence that the firearm was loaded, the indictment should be redacted accordingly. The indictment is not evidence against the defendant, and the jury should not be prejudiced by surplusage in the indictment that does not relate to the relevant evidence in the case. See Fed. R. Evid. 7(d) ("Upon defendant's motion, the

court may strike surplusage from the indictment or information.").

    **B.    THE GOVERNMENT SHOULD BE PRECLUDED FROM STATING OR INTRODUCING EVIDENCE THAT THE FIREARM AT ISSUE WAS OPERABLE OR HAD PREVIOUSLY BEEN DISCHARGED.**

    Mr. Smith respectfully moves for a pre-trial ruling precluding the government from introducing evidence at trial that the gun charged in the indictment was operable or had been previously discharged at some point in time. This evidence should be precluded, pursuant to Federal Rule of Evidence 403, because any limited probative value it may have is substantially outweighed by the risk that its admission would unfairly prejudice Mr. Smith.

    First, whether or not the gun was working or ever had been discharged is not probative of any of the elements of the felon in possession charge against Mr. Smith. The government must prove three elements at trial: (1) Mr. Smith knowingly possessed the firearm; (2) the possession was in or affected interstate commerce; and, (3) Mr. Smith had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. <u>See</u> 18 U.S.C. § 922(g)(1). Whether or not the gun was working or had been discharged is not probative of any of these elements. <u>See</u> 18 U.S.C. § 921(a)(3) (defining a "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"); <u>United States v. Maddix</u>, 96 F.3d 311, 316 (8th Cir. 1996) (firearm need not be operable).

    Second, admission of evidence that the gun was operable or had been discharged would unfairly prejudice Mr. Smith by improperly and unfairly suggesting to the jury that Mr. Smith had fired the gun in the past or was planning to do so in the future. The jury could be led to convict Mr. Smith based on a fear that Mr. Smith is dangerous, rather than based on evidence regarding the elements of the crime with which he is charged. <u>See</u> <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

Honorable Denny Chin                                              July 18, 2008
United States District Judge                                           Page 8
Southern District of New York

     **Re:  <u>United States v. Jason Smith</u>**
          **08 Cr. 84 (DC)**

     Third, there is no evidence regarding who fired the gun or when it was fired.  In fact, there is no physical evidence whatsoever linking Mr. Smith to the gun, so the implication that Mr. Smith had discharged the gun, or might do so in the future, would be not only prejudicial but misleading, and should be excluded for this reason as well.  <u>See</u> Fed. R. Ev. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

**III.    NO REFERENCE SHOULD BE MADE TO THE NAME OR NATURE OF MR. SMITH'S PRIOR CONVICTIONS AND THE JURY SHOULD RECEIVE A LIMITING INSTRUCTION AS TO THE USE OF THE PRIOR CONVICTION**

     The superseding indictment charges Mr. Smith with having violated 18 U.S.C. section 922(g)(1) after having previously been convicted of two serious drug offenses and one violent felony, subjecting him to enhanced penalties pursuant to 18 U.S.C. section 924(e).  The jury will have no role in deciding whether Mr. Smith is in fact subject to the 15-year mandatory minimum set forth in Section 924(e), because the existence and nature of Mr. Smith's three prior felonies are sentencing factors, not elements of the crime.  <u>See</u>, <u>e.g.</u>, <u>James v. United States</u>, ___ U.S. ___, 127 S.Ct. 1586, 1600 (2007); <u>United States v. Santiago</u>, 268 F.3d 151, 157 (2d Cir. 2001).  Rather, with respect to Mr. Smith's criminal record, the jury must decide only whether he previously "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," so as to bring him within the ambit of section 922(g)(1).  Accordingly, there should be no mention of the number (beyond one) of Mr. Smith's prior felony convictions and no evidence concerning the nature of those convictions.

     Where, as here, a defendant offers to stipulate that he has a prior qualifying conviction, a district court may not admit evidence of the name and nature of that conviction to prove the prior conviction element of 18 U.S.C. § 922(g)(1).  <u>See</u> <u>Old Chief v. United States</u>, 519 U.S. 172 (1997).  In <u>Old Chief</u>, the Supreme Court held that such evidence should be excluded under Federal Rule of Evidence 403 because it is unfairly prejudicial to a

```
Honorable Denny Chin                                     July 18, 2008
United States District Judge                                    Page 9
Southern District of New York
```

    Re:  **<u>United States</u> v. <u>Jason Smith</u>**
         **08 Cr. 84 (DC)**

defendant, given the likelihood that a jury informed of the nature of a prior conviction would be led to convict the defendant of possessing a firearm on an improper basis. <u>See</u> <u>id.</u> at 181, 185. This prejudice outweighs the probative value of the name and nature of the conviction in light of the statutory language, which "shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying offenses." <u>Id.</u> at 186.

     Mr. Smith will stipulate that he previously was convicted of a crime punishable by imprisonment for a term exceeding one year. Thus, the Court should exclude evidence of the name and nature of Mr. Smith's prior convictions to prove that element of the offense. <u>Id.</u> at 181, 185.

     For the same reason, the Court should redact the information regarding Mr. Smith's three prior convictions from the indictment. As the Supreme Court stated, "[t]he most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions." <u>Id.</u> at 190-91.

     In addition, after the stipulation between the parties regarding Mr. Smith's prior conviction is read into evidence in the government's case-in-chief, Mr. Smith respectfully requests that the Court provide the jury with the following limiting instruction:

> You have just heard a stipulation between the parties concerning a prior conviction for a crime committed by Mr. Smith. I caution you that the conviction is only to be considered by you as one of the elements of the charge, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for.
> You may not consider the prior conviction in deciding whether the government has proven beyond a reasonable doubt that Mr. Smith was in possession of the gun, a charge which is disputed.

Honorable Denny Chin  
United States District Judge  
Southern District of New York  

July 18, 2008  
Page 10  

    **Re:** **United States v. Jason Smith**  
         **08 Cr. 84 (DC)**

Adapted from Sand, *Modern Federal Jury Instructions*, Instruction 35-48.

**IV.  THE GOVERNMENT'S CROSS-EXAMINATION OF MR. SMITH REGARDING HIS CRIMINAL HISTORY SHOULD BE LIMITED TO ELICITING THE EXISTENCE AND NAME OF ONE PRIOR FELONY CONVICTION.**

    Pursuant to Federal Rules of Evidence 609 and 403, the defense moves to limit cross-examination of Mr. Smith to the existence and name of one prior felony conviction if he testifies in his own defense. The defense respectfully requests a ruling in advance of the defense case, so that Mr. Smith may be properly advised regarding his decision whether to take the witness stand.

    **A.  BACKGROUND**

    Mr. Smith has four prior felony convictions, two for the criminal sale of a controlled substance, one for the attempted criminal sale of a controlled substance, and one for assault. He pleaded guilty on March 20, 2001, to the criminal sale of a controlled substance in the third degree, a class B felony, and to assault in the second degree, a class D felony. He previously had pleaded guilty on July 20, 1999, to another charge of criminal sale of a controlled substance in the third degree, a class B felony. He was sentenced on April 10, 2001, for all three charges to concurrent terms of 54 months to 9 years and 3 years in prison. He pleaded guilty on April 26, 1995, to the attempted criminal sale of a controlled substance in the third degree, a class C felony, and was sentenced on that same date to 1 to 3 years in prison.

    In addition, Mr. Smith has ten misdemeanor convictions: six misdemeanor convictions for the criminal possession of a controlled substance in the seventh degree, for which he received sentences ranging from time served to two months in prison; one misdemeanor conviction for criminal facilitation in the fourth degree, for which he was sentenced to two months in prison; two misdemeanor convictions for attempting to obtain transportation without paying, for which he received a conditional discharge and 5 days imprisonment; and, a misdemeanor conviction for attempted grand larceny in the fourth degree, for which he received a sentence of time served.

Honorable Denny Chin  
United States District Judge  
Southern District of New York  

July 18, 2008  
Page 11  

    **Re:  <u>United States v. Jason Smith</u>**  
          **08 Cr. 84 (DC)**

    Finally, Mr. Smith has twice pleaded guilty to violations of New York law.[2] On January 25, 1995, and June 14, 1988, Mr. Smith pleaded guilty to disorderly conduct; for each violation, he received a conditional discharge with one day community service.

    **B.**        **ARGUMENT**

    Federal Rule of Evidence 609(a) allows evidence of a defendant's prior conviction to be admitted for the purpose of attacking the defendant's character for truthfulness, if he testifies and (1) the crime was punishable by death or imprisonment in excess of one year and the probative value of admitting the evidence outweighs its prejudicial effect to the accused, or (2) if the elements of the crime required proof or admission of an act of dishonesty or false statement, regardless of the punishment.[3]

    None of Mr. Smith's prior convictions required proof of dishonesty or false statement, and thus, none are admissible pursuant to Rule 609(a)(2).[4]

---

    [2]    Whether a violation of New York law constitutes a conviction of a "crime" within the meaning of Federal Rule of Evidence 609(a) remains an open question. A violation is not a "crime" under New York State law, but, rather, a "petty offense." <u>See</u> Penal Law § 10.00 (6); <u>In re W.</u>, 34 A.D.2d 1100 (4th Dept. 1970) (A "crime" is either a misdemeanor or a felony but not a "violation").  The Court need not reach this issue, however, because the violation offense of disorderly conduct does not contain elements of dishonesty or false statement, so as to bring it within the requirements of Rule 609(a)(2).

    [3]    In 2006, the second prong of Rule 609(a) was amended to limit the admission of evidence of a conviction to cases in which the conviction <u>required</u> the proof of an act of dishonesty or false statement, so as to exclude convictions in which such proof was present but not required for conviction, such as a murder carried out through deceit.  <u>See</u> Fed. R. Evid. 609, advisory committee's note to 2006 Amendments.

    [4]    While three of the misdemeanor convictions facially appear to involve dishonesty (the 1999 and 1998 turnstile jumping

Honorable Denny Chin                                    July 18, 2008
United States District Judge                            Page 12
Southern District of New York

    **Re:  United States v. Jason Smith**
         **08 Cr. 84 (DC)**

Mr. Smith's three felony drug sale convictions and the felony assault conviction are susceptible to analysis under the first prong of Rule 609(a), because they were punishable by imprisonment in excess of one year, but can be admitted only if the probative value of admitting them outweighs the prejudicial effect on the accused.

> "The rule recognizes that, in virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice – *i.e.*, the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.  Although the rule does not forbid all use of convictions to impeach a defendant, it requires that the probative value of convictions as impeachment evidence outweighs their prejudicial effect."

Fed. R. Evid. 609, advisory committee's note to 1990 Amendments.

The government cannot meet its burden of showing that the probative value of admitting Mr. Smith's prior convictions for the sale of drugs and for assault outweighs the prejudicial effect to Mr. Smith.

In performing the balancing test set forth in Rule 609(a)(1), the Court should consider a number of factors, including: whether the crime, by its nature, is probative of a lack of veracity; the date of the conviction and the defendant's subsequent history; the degree of similarity between the past crime and the charged crime; the importance of the defendant's testimony, and the centrality of the credibility issue.  See 4 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal</u>

---

and the 1990 attempted grand larceny), courts routinely have held that the mere act of taking another's property is not a crime of dishonesty.  <u>See</u> 4 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u>, § 609.04[3][c] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2008).  Moreover, two of these convictions are outside of the ten-year limit of Rule 609(b).

Honorable Denny Chin                                          July 18, 2008
United States District Judge                                       Page 13
Southern District of New York

    **Re:  <u>United States v. Jason Smith</u>**
         **08 Cr. 84 (DC)**

<u>Evidence</u>, § 609.05[3][a] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2008).

    **1.   The felony drug convictions**

    Looking at all of these factors, on balance, Mr. Smith's prior drug convictions should not be admitted.  The first and most important factor is "whether the crime, by its nature, is probative of a lack of veracity."  <u>United States v. Estrada</u>, 430 F.3d 606, 617 (2d Cir. 2005) (internal citations omitted).  The Circuit has noted that possession of drugs with intent to sell and drug sales are not particularly probative of veracity.  <u>Id.</u> at 618; <u>United States v. Hayes</u>, 553 F.2d 824, 828 and n. 8 (2d Cir. 1977).  Here, in each case, Mr. Smith was convicted for hand-to-hand sales of narcotics.  Such conduct typically has little bearing on one's character for truthfulness.

    The date of the convictions and Mr. Smith's subsequent history also weigh against admission.  Mr. Smith was sentenced on two of the three prior drug cases in 2001, and was released from his sentence less than six months prior to his arrest in this case.  Because of the closeness in time, the jury might wrongly speculate that the charges are connected, or part of a pattern of conduct by Mr. Smith.  The third drug case, the 1995 conviction, should be barred from introduction pursuant to Rule 609(b) because it is more than ten years old, and there are no specific facts or circumstances surrounding that conviction that would outweigh its prejudicial effect.

    The next factor, the similarity or dissimilarity of the prior conviction to the charged crime, also weighs against admission of Mr. Smith's prior convictions, for two reasons.  First, the superseding indictment charges Mr. Smith with felony possession of marijuana, a charge similar to his prior convictions for felony drug sales.  Second, although the gun possession charge and the drug sale convictions are dissimilar, in this instance the dissimilarity weighs against admission because of the nature of the prior convictions. Selling crack and cocaine is more inflammatory and serious in the eyes of most jurors than the present charge of weapon possession.  The nature of the charge in this case, therefore, also favors exclusion of the narcotics convictions.

```
Honorable Denny Chin                                    July 18, 2008
United States District Judge                                  Page 14
Southern District of New York
```

      Re:  **United States v. Jason Smith**
           **08 Cr. 84 (DC)**

An additional suggested factor is the "importance of the defendant's testimony." Mr. Smith's testimony is crucial to his defense. Mr. Smith is one of the only people, other than the government witnesses, who can testify to critical facts in issue. Thus, this factor strongly favors exclusion of the convictions, since the admission of his prior convictions may compel him to refrain from exercising his right to testify at his own trial.

The final suggested factor is the "centrality of the credibility issue." In this case the government has an independent source of evidence, namely the testimony of police officers who will testify as to how they discovered the firearm. Therefore, although the credibility of the defendant is always in issue when he testifies, given the weight of the government's evidence in combination with the other factors to be considered, the convictions should be excluded.

### 2. The assault conviction

Similarly, Mr. Smith's 2001 conviction for assault has no probative value as to whether he possessed a gun or marijuana seven years later, and is highly prejudicial. This conviction stems from a street fight during which Mr. Smith possessed a glass bottle and a knife. None of the factors counsel in favor of admission of this conviction. The first and most important factor is the impeachment value of the conviction. Crimes of violence are weak in showing credibility, and thus have little impeachment value. *Weinstein's Federal Evidence*, supra, at § 609.04[3][b]; see also United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977). Second, as with the drug cases, Mr. Smith was released from his consolidated sentence on the assault case just six months prior to the instant arrest, which could prejudice the jury against him. Third, while there is little similarity between a street fight and the charge of gun possession, there is a strong suggestion of violence in both, and it could inflame the jury to learn that Mr. Smith had engaged in an assault with a glass bottle and a knife, particularly since the jury will learn that Mr. Smith struggled with a police officer in this case. The other two factors, Mr. Smith's credibility and the centrality of his testimony, also counsel against admission. This conviction should be excluded.

Honorable Denny Chin                                         July 18, 2008
United States District Judge                                      Page 15
Southern District of New York

     **Re:  <u>United States v. Jason Smith</u>**
          **08 Cr. 84 (DC)**

     Finally, the jury will not be left with the impression that Mr. Smith has never been convicted of any crime.[5] On the contrary, the jury will know from the outset of the trial that Mr. Smith previously has been convicted of a felony. The jury already will be informed, during the Government's case in chief, that Mr. Smith has a prior conviction. The fact of the conviction is being offered pursuant to stipulation in light of the Supreme Court's ruling in <u>Old Chief v. United States</u>, 519 U.S. 172 (1997). The same reasons that underlie the Supreme Court's holding in <u>Old Chief</u> also support limitation of the government's questioning in this case to the existence and name of one prior felony conviction, should Mr. Smith testify in his own behalf. Given this knowledge, the jury properly may weigh Mr. Smith's credibility in light of that conviction, without the overwhelming prejudice that would result from the jury learning that he previously has been convicted for selling crack and cocaine or has engaged in a street fight.

     Allowing cross-examination regarding the fact of one prior conviction, limited to its existence and the name of the crime, while excluding all other questioning, strikes the proper balance of probative value against undue prejudice that is set forth in Rule 609 and 403. The jury is properly informed that Mr. Smith has a prior felony, and Mr. Smith is protected from the danger of unfair prejudice and improper conviction.

**V.    THE GOVERNMENT MAY NOT OFFER EXTRINSIC EVIDENCE TO IMPEACH MR. SMITH'S TRUTHFULNESS.**

     The government stated in a July 16, 2008, letter to the defense that it intends to cross-examine Mr. Smith on "his attempts to procure false identification documents for his girlfriend, who is a convicted felon, so she can visit him at the Metropolitan Correction Center," listing various telephone calls in which the government believes he discusses this topic, and that it "may also question him about his discussions of cooperating witnesses, or 'snitches,' such as in his conversation of February 23, 2008, 18:08:39 PM, at approximately 7:48-8:40, and impeach him, if necessary, on his use of aliases, by

---

     [5] Of course, the defense could not and will not claim that Mr. Smith has *only* one conviction.

Honorable Denny Chin                                               July 18, 2008
United States District Judge                                           Page 16
Southern District of New York

      Re:  **United States v. Jason Smith**
            **08 Cr. 84 (DC)**

offering, for example, the conversation of February 12, 2008, 21:58:14 PM at approximately 2:15:24." From this, it appears that the government intends to offer into evidence prison phone calls in an effort to impeach Mr. Smith's character for truthfulness as regards three specific instances of unconvicted conduct: procuring false identification documents, disparaging people who cooperate with the government, and using aliases. Such a use of extrinsic evidence to attack a witness's character for truthfulness is prohibited by Federal Rule of Evidence 608; there is no exception to this bar for the cross-examination of a defendant.

     The government may inquire of Mr. Smith on cross-examination about whether he attempted to procure false identification documents for his girlfriend and about his use of purported "aliases." However, counsel will be bound by Mr. Smith's answer.

     With respect to cross-examining Mr. Smith as to his opinion of cooperators, no questions on this should be permitted, as this topic is in no way probative of his truthfulness (indeed, many a honest person has a dim view of cooperators), and thus does not fall within the scope of Rule 608, and has even less bearing on the charges pending against him, in which not a single cooperator is involved. The only purpose such cross-examination could serve is to portray Mr. Smith as hostile to our criminal justice system, part of the criminal element, and thus someone the jury should convict. This would be improper.

**VI.  MR. SMITH'S "A/K/A"S SHOULD BE REDACTED FROM THE INDICTMENT.**

     The caption of the superseding indictment includes thirteen different alleged A/K/As or aliases for Mr. Smith. These aliases are: (1) Jason Ollivierre Smith; (2) Jason Olivie; (3) Jason R. Ollivierre; (4) Jason R. Smith; (5) Jason Roman Smith; (6) Jason Ramon Smith; (7) Jason Ollwie; (8) Jason Roman; (9) Jay Smith; (10) Jason Ollgie; (11) Jason Olligie; (12) Joseph Mercado; and (13) Joseph Melcado. The defense respectfully requests that each of these aliases be stricken from the superseding indictment.

     "The court on motion of the defendant may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). Motions to strike surplusage are granted where the "challenged allegations are not relevant to the crime alleged and are

Honorable Denny Chin  
United States District Judge  
Southern District of New York

July 18, 2008  
Page 17

    **Re:  <u>United States v. Jason Smith</u>**  
         **08 Cr. 84 (DC)**

inflammatory and prejudicial." <u>United States v. Scarpa</u>, 913 F.2d 993, 1013 (2d Cir. 1990). Use of aliases in the indictment is permissible only "[i]f the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment." <u>United States v. Rodriguez</u>, 734 F.Supp. 116, 128 (S.D.N.Y. 1990).

    The aliases listed on the indictment are not relevant to the crimes the government has charged. As far as the defense is aware, there is no claim that Mr. Smith used any of these aliases in connection with either the gun possession charge or the marijuana possession charge. We do not believe that Mr. Smith used any of these aliases in identifying himself to the police officers, who participated in his arrest. Indeed, all of his initial NYPD intake forms, received in discovery, show the name "Jason Smith." The only information the government has offered about its intent to use the aliases relates to possible impeachment should Mr. Smith choose to testify. In a July 16, 2008, letter to the defense, the government indicated that if Mr. Smith does testify, the government may "impeach him, if necessary, on his use of aliases, by offering, for example," a prison phone conversation, dated February 12, 2008.

    Showing the jury the aliases on the indictment would be highly prejudicial. Members of the jury will already know that Mr. Smith has been convicted of a felony. The listing of so many additional names – in connection with the current charges against him – cannot help but give the jury the impression that Mr. Smith is somebody with an extensive criminal past involving the use of multiple other identities. Indeed, unless the jury members examine the indictment very carefully, they may not notice or appreciate that many of these supposed aliases are simply variations on Mr. Smith's actual name, "Jason Roman Smith," with misspellings or abbreviations. Others refer to his mother's last name, Mercado, or his last name at birth, Olivierre.

    Even if the government might use certain aliases to cross-examine Mr. Smith, this is no reason for the list of thirteen aliases to appear on the indictment given their lack of relevance to any of the charges brought here. Moreover, offering a prison phone call to impeach Mr. Smith regarding his use of "aliases" would be entirely improper. <u>See</u> <u>supra</u> Section V. Rule 608

```
Honorable Denny Chin                                    July 18, 2008
United States District Judge                               Page 18
Southern District of New York
```

     **Re:  <u>United States v. Jason Smith</u>**
           **08 Cr. 84 (DC)**

prohibits the government from using extrinsic evidence – other than the conviction of a crime – to attempt to prove specific instances of the conduct of a witness, for the purpose of attacking that witness's character.  <u>See</u> Fed.R.Evid. 608(b). Accordingly, while the government may question Mr. Smith about whether he has used "aliases" in the past, it may not use extrinsic evidence, whether a prison phone call or the indictment, in order to prove that he used any such aliases. Such intended cross-examination, therefore, does not justify retaining the long list of aliases on the indictment.

**VII.   CONCLUSION**

    For all of the above stated reasons, Mr. Smith asks the Court to grant each of his six motions *in limine* in their entirety.

                                      Respectfully submitted,

                                      **Fiona M. Doherty**
                                      **Deirdre D. von Dornum**
                                      Assistant Federal Defenders
                                      Tel.: (718) 330-1208/(212) 417-8734

cc:   Assistant United States Attorney Amie N. Ely, Esq. (via ECF)

     Jason Smith, MCC Brooklyn, Reg. No. 60717-054 (via mail)





00045



00046