UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,          :          **08 Cr. 84 (DC)**

            - v. -                 :

**JASON SMITH**,                   :

                Defendant.         :

------------------------------X


## JASON SMITH'S REQUESTS TO CHARGE


                        LEONARD F. JOY, ESQ.
                        Federal Defenders of New York
                        52 Duane Street - 10th Floor
                        New York, New York  10007
                        Tel.: (718) 330-1208/(212)417-8734
                        Attorneys for **Jason Smith**

**FIONA M. DOHERTY, ESQ.**
**DEIRDRE D. VON DORNUM, ESQ.**
Of Counsel


TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: **AMIE N. ELY, ESQ.**
          Assistant United States Attorney

**TABLE OF CONTENTS**

REQUEST NO. 1 - GENERAL INSTRUCTIONS . . . . . . . . . . . . . 1

REQUEST NO. 2 - CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . 2

REQUEST NO. 3 - LAW ENFORCEMENT WITNESSES . . . . . . . . . . 4

REQUEST NO. 4 - REASONABLE DOUBT . . . . . . . . . . . . . . 5

REQUEST NO. 5 - DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . 8

REQUEST NO. 6 - DEFENDANT'S ELECTION TO TESTIFY . . . . . . 10

REQUEST NO. 7 - IMPROPER CONSIDERATIONS . . . . . . . . . . 12

REQUEST NO. 8 - THE INDICTMENT . . . . . . . . . . . . . . 13

REQUEST NO. 9 - SUMMARY OF COUNT ONE . . . . . . . . . . . 14

REQUEST NO. 10 - ELEMENTS OF COUNT ONE . . . . . . . . . . . 15

REQUEST NO. 11 - DEFENDANT'S PRIOR CONVICTION . . . . . . . 16

REQUEST NO. 12 - POSSESSION OF A FIREARM . . . . . . . . . . 17

REQUEST NO. 13 - FIREARM IN OR AFFECTING COMMERCE . . . . . 19

REQUEST NO. 14 - SUMMARY OF COUNT TWO . . . . . . . . . . . 20

REQUEST NO. 15 - ELEMENTS OF COUNT TWO . . . . . . . . . . . 21

REQUEST NO. 16 - CONTROLLED SUBSTANCE DEFINED . . . . . . . 22

**REQUEST NO. 1**
**GENERAL INSTRUCTIONS**

The defense respectfully requests that the Court give the pattern instructions with respect to the following matters:

a.    Functions of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Presumption of Innocence

e.    Witness Credibility

f.    Bias and Hostility

g.    Right to See Exhibits and Have Testimony Read During Deliberations

h.    Requirement of Unanimity of Verdict

i.    Stipulations

j.    Expert Witnesses

1

## REQUEST NO. 2
## CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY PROPERLY USE IN DECIDING WHETHER A DEFENDANT IS GUILTY OR NOT GUILTY.  ONE TYPE OF EVIDENCE IS CALLED DIRECT EVIDENCE.  DIRECT EVIDENCE IS A WITNESS'S TESTIMONY AS TO WHAT HE OR SHE PERSONALLY SAW, HEARD, OR OBSERVED.  IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT IS KNOWN OF THE WITNESS'S OWN KNOWLEDGE, BY VIRTUE OF HIS OR HER OWN SENSES, WHAT HE OR SHE SEES, FEELS, TOUCHES, OR HEARS, THAT IS CALLED DIRECT EVIDENCE.

THE SECOND TYPE OF EVIDENCE IS CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT TENDS TO PROVE ONE FACT INDIRECTLY, BY INFERENCE FROM ANOTHER FACT. FOR EXAMPLE, IF A FACT IN DISPUTE IS WHETHER IT IS RAINING AT THE MOMENT, NONE OF US IN THIS ROOM CAN TESTIFY DIRECTLY TO THAT WITHOUT LOOKING OUT A WINDOW.  ASSUME, HOWEVER, THAT WE CANNOT SEE OUTSIDE, AND THAT AS WE ARE SITTING HERE, A PERSON WALKS IN THE COURTROOM WEARING A RAINCOAT THAT IS DRIPPING WET AND CARRYING AN UMBRELLA DRIPPING WATER.  WE MAY INFER THAT IT IS RAINING OUTSIDE.  ON THE OTHER HAND, THAT INFERENCE MIGHT BE INCORRECT BECAUSE IT MAY HAVE STOPPED RAINING BEFORE THE PERSON ENTERED THE COURTROOM.  IN OTHER WORDS, THE FACT OF RAIN IS AN INFERENCE THAT COULD BE DRAWN FROM THE WET RAINCOAT AND DRIPPING UMBRELLA, BUT NEED NOT BE. EACH JUROR MUST BE GUIDED BY HIS OR HER OWN COMMON SENSE, EXPERIENCE OR JUDGMENT, IN DETERMINING WHAT INFERENCE, IF ANY, IS

2

JUSTIFIED OR REASONABLE UNDER ALL THE CIRCUMSTANCES PRESENTED.

YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.  THE LAW REQUIRES THAT BEFORE ANY DEFENDANT MAY BE CONVICTED, THE JURY MUST BE SATISFIED THAT THE GOVERNMENT HAS PROVED THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT AFTER REVIEW OF ALL THE EVIDENCE IN THE CASE, DIRECT AND CIRCUMSTANTIAL.

### AUTHORITY

Adapted from the charge of the Hon. Robert P. Patterson, Jr. in United States v. Grayson, 04 Cr. 1382 (RPP) (Tr. at 221 - 222) and the charge of the Hon. Dennis H. Hurley in United States v. Rodney Morrison, 04 Cr. 699 (DHH) (giving modified rain-umbrella example that allows for the possibility that the rain may have stopped, unlike the typical instruction given in this district); see also Ninth Circuit Pattern Charge 1.5; First Circuit Pattern Charge 3.05; United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002) (reversing a conviction for insufficiency of evidence because the Government's evidence gave nearly equal circumstantial support to a theory of innocence and holding "if the evidence, viewed in the light most favorable to the prosecution, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." ).

### REQUEST NO. 3
### LAW ENFORCEMENT WITNESSES

YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT OFFICERS. A WITNESS'S EMPLOYMENT AS A LAW ENFORCEMENT OFFICER DOES NOT MAKE THE TESTIMONY DESERVING OF MORE OR LESS CONSIDERATION OR GREATER OR LESSER WEIGHT THAN THAT OF AN ORDINARY WITNESS.

AT THE SAME TIME, IT IS LEGITIMATE FOR THE DEFENSE TO ATTACK THE CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE GROUNDS THAT THE WITNESS'S TESTIMONY MAY BE COLORED BY A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE CASE.

AS WITH ALL WITNESSES, IT IS YOUR DECISION, AFTER REVIEWING ALL THE EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF THE LAW ENFORCEMENT WITNESS AND TO GIVE TO THAT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES.


### AUTHORITY

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-16.

4

## REQUEST NO. 4
## REASONABLE DOUBT

I HAVE SAID THAT THE GOVERNMENT MUST PROVE MR. SMITH GUILTY BEYOND A REASONABLE DOUBT.  THE QUESTION NATURALLY IS WHAT IS A REASONABLE DOUBT?  THE WORDS ALMOST DEFINE THEMSELVES.  IT IS A DOUBT BASED UPON REASON AND COMMON SENSE.  IT IS A DOUBT THAT A REASONABLE PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE EVIDENCE.  IT IS A DOUBT WHICH WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF THE HIGHEST IMPORTANCE IN HIS OR HER PERSONAL LIFE.  PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE PROOF OF SUCH A CONVINCING CHARACTER THAT A REASONABLE PERSON WOULD NOT HESITATE TO RELY AND ACT UPON IT IN THE MOST IMPORTANT OF HIS OR HER OWN AFFAIRS.

IN A CRIMINAL CASE, THE BURDEN IS AT ALL TIMES UPON THE GOVERNMENT TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THE LAW DOES NOT REQUIRE THAT THE GOVERNMENT PROVE GUILT BEYOND ALL DOUBT; PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT.  THIS BURDEN NEVER SHIFTS TO MR. SMITH.  EVEN IF MR. SMITH HAS PRESENTED EVIDENCE IN HIS DEFENSE, IT IS NOT HIS BURDEN TO PROVE HIMSELF INNOCENT.  IT IS ALWAYS THE GOVERNMENT'S BURDEN TO PROVE EACH OF THE ELEMENTS OF THE CRIME CHARGED BEYOND A REASONABLE DOUBT.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE AND ANY LACK OF EVIDENCE, YOU ARE SATISFIED OF MR. SMITH'S GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD VOTE TO

5

CONVICT.  ON THE OTHER HAND, IF AFTER FAIR AND IMPARTIAL

CONSIDERATION OF ALL THE EVIDENCE AND ANY LACK OF EVIDENCE YOU

HAVE A REASONABLE DOUBT, IT IS YOUR DUTY TO ACQUIT MR. SMITH.


### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>,
Instruction # 4-2.

We submit that the modifications from the pattern instruction
made in the above proposed charge are necessary and important for
the following reasons:

In the first paragraph, the last two sentences from the pattern
instruction have been omitted.  Those sentences read:

> A reasonable doubt is not a caprice or whim; it is not a
> speculation or suspicion.  It is not an excuse to avoid the
> performance of an unpleasant duty.  And it is not sympathy.

These sentences could easily, albeit unwittingly, negate the
sentences in the preceding paragraph that properly define the
standard as a significant one.  Furthermore, they are unnecessary
given the preceding language that guides jurors that a reasonable
doubt is one based upon reason and common sense.

In the second paragraph, the only proposed modification is the
inclusion of the sentence which reads:

> even if Mr. Smith has presented evidence in his defense, it
> is not his burden to prove himself innocent.

This sentence is necessary to make clear that not only does the
burden never shift to the defense generally, but even when a
defendant presents evidence, the burden remains with the
government.  That fundamental concept is missing without the
proposed language.

In the third paragraph, the only proposed modification is to
change the order of the two sentences in that paragraph, so that
conviction is mentioned before acquittal.  In light of the
central role this standard of proof plays in our system of
justice, this proposed modification is necessary.  It is a long
standing psychological principle that generally, people remember

6

what they hear first and what they hear last.  <u>See</u> Wozniak, R. (1999).  <u>Classics in Psychology</u>, <u>1855-1914: Historical Essays</u>. This phenomenon is commonly known as the power of "primacy and recency."  If the last option Your Honor provides is conviction, it will undercut the importance of the government's burden.

### REQUEST NO. 5
### DEFENDANT'S ELECTION NOT TO TESTIFY
### (If Applicable)

MR. SMITH DID NOT TESTIFY IN THIS CASE.  UNDER OUR CONSTITUTION, THE DEFENDANT HAS NO OBLIGATION TO TESTIFY OR TO PRESENT ANY EVIDENCE, BECAUSE IT IS THE GOVERNMENT'S BURDEN TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.  THE RIGHT OF A DEFENDANT NOT TO TESTIFY IS AN IMPORTANT PART OF OUR CONSTITUTION.

AS I STATED EARLIER, THE GOVERNMENT'S BURDEN TO PROVE THE DEFENDANT GUILTY REMAINS WITH THE PROSECUTION THROUGHOUT THE ENTIRE TRIAL AND NEVER SHIFTS TO MR. SMITH.  HE IS NEVER REQUIRED TO PROVE THAT HE IS INNOCENT.

YOU MAY NOT SPECULATE AS TO WHY MR. SMITH DID NOT TESTIFY. THERE ARE MANY REASONS WHY A DEFENDANT MAY DECIDE NOT TO TESTIFY. A DEFENDANT MAY BE EMBARRASSED BY HIS OWN LACK OF EDUCATION, OR BY HIS INABILITY TO SPEAK WELL IN FRONT OF A GROUP OF PEOPLE. YOU ARE NOT TO SPECULATE AS TO THESE THINGS.  YOU MAY NOT DRAW ANY INFERENCE WHATSOEVER FROM A DEFENDANT'S DECISION NOT TO TAKE THE STAND.

YOU ARE NOT TO ATTACH ANY SIGNIFICANCE TO THE FACT THAT MR. SMITH DID NOT TESTIFY.  NO ADVERSE INFERENCE AGAINST HIM MAY BE DRAWN BY YOU BECAUSE HE DID NOT TAKE THE WITNESS STAND.  YOU MAY NOT CONSIDER THIS AGAINST MR. SMITH IN ANY WAY IN YOUR DELIBERATIONS IN THE JURY ROOM.

**AUTHORITY**

Adapted from the charges of the Hon. Robert P. Patterson, Jr. in <u>United States v. Grayson</u>, 04 Cr. 1382 (RPP); Hon. John S. Martin in <u>United States v. Flanagan</u>, 95 Cr. 105 (JSM) (Tr. at 558 - 559) and <u>United States v. Anosike</u>, 94 Cr. 717 (JSM). <u>See</u> <u>also</u> <u>Carter v. Kentucky</u>, 450 U.S. 288, 300 n.15 (1981); <u>Griffin v. California</u>, 380 U.S. 609, 613 (1965).

9

## REQUEST NO. 6
## DEFENDANT'S ELECTION TO TESTIFY
### (If Applicable)

AS I INSTRUCTED YOU EARLIER, THE DEFENDANT IN A CRIMINAL CASE NEVER HAS ANY DUTY TO TESTIFY OR COME FORWARD WITH ANY EVIDENCE.  THIS IS BECAUSE THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT REMAINS ON THE GOVERNMENT AT ALL TIMES, AND MR. SMITH IS PRESUMED INNOCENT.

IN THIS CASE, MR. SMITH DID TESTIFY AND HE WAS SUBJECT TO CROSS-EXAMINATION, LIKE ANY OTHER WITNESS.  THE FACT THAT HE TESTIFIED DOES NOT IN ANY WAY REMOVE OR LESSEN THE BURDEN ON THE GOVERNMENT TO PROVE THE CHARGE BEYOND A REASONABLE DOUBT.  MR. SMITH DID NOT HAVE TO TESTIFY AND, IN FACT, DID NOT HAVE TO PRESENT ANY EVIDENCE WHATSOEVER.

YOU SHOULD EXAMINE AND EVALUATE HIS TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY WITNESS WITH AN INTEREST IN THE OUTCOME OF THIS CASE.  YOU SHOULD NOT DISREGARD OR DISBELIEVE HIS TESTIMONY SIMPLY BECAUSE HE IS CHARGED AS A DEFENDANT IN THIS CASE.  I ALSO REMIND YOU THAT MR. SMITH'S DECISION TO TESTIFY DOES NOT IN ANY WAY SHIFT THE BURDEN OF PROOF TO HIM.

DO NOT ASK YOURSELF WHETHER HIS TESTIMONY CONVINCES YOU OF HIS INNOCENCE.  RATHER, YOU MUST CONSIDER ALL THE EVIDENCE AND/OR THE LACK OF EVIDENCE PRESENTED, AND THEN ASK YOURSELVES WHETHER OR NOT THE PROSECUTION HAS PROVEN THE CHARGE CONTAINED IN THE INDICTMENT BEYOND A REASONABLE DOUBT.

**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>,
Instruction # 7-4; <u>see</u> <u>United States v. Gaines</u>, 457 F.3d 238, 249
and n.9 (2d Cir. 2006).

## REQUEST NO. 7
## IMPROPER CONSIDERATIONS

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT MR. SMITH'S RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE.  ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE, AND THE GOVERNMENT HAS THE BURDEN OF PROOF, AS I WILL DISCUSS IN A MOMENT.

IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIME CHARGED TO INTERFERE WITH YOUR DECISION-MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF EVIDENCE IN THIS CASE.

### AUTHORITY

Adapted from L. Sand, et al., Modern Federal Jury Instructions - Instruction # 2-11.

If the Court is going to instruct the jury not to base its verdict on sympathy, we request that the Court also tell the jury not to base its verdict on any feelings about the charge.  Such language is included in the above instruction.

12

**REQUEST NO. 8**
**THE INDICTMENT**

MR. SMITH IS FORMALLY CHARGED IN AN INDICTMENT.  AS I
INSTRUCTED YOU PREVIOUSLY, THE INDICTMENT IS A SET OF CHARGES OR
ACCUSATIONS.  IT IS SIMPLY THE MEANS BY WHICH THIS CRIMINAL CASE
WAS COMMENCED.  IT IS NOT EVIDENCE.  IT DOES NOT CREATE ANY
PRESUMPTION NOR PERMIT ANY INFERENCE THAT MR. SMITH IS GUILTY.
THE INDICTMENT IN THIS CASE CONTAINS TWO COUNTS.

**AUTHORITY**

Adapted from L. Sand et al., <u>Modern Federal Jury Instructions</u>,
Instructions 3-1, 3-2.

13

## REQUEST NO. 9
## SUMMARY OF COUNT ONE OF THE INDICTMENT

COUNT ONE OF THE INDICTMENT CHARGES MR. SMITH WITH

POSSESSING A FIREARM AND AMMUNITION AFTER HAVING PREVIOUSLY BEEN

CONVICTED OF A CRIME THAT WAS PUNISHABLE BY IMPRISONMENT FOR A

TERM OF MORE THAN ONE YEAR.  THE RELEVANT STATUTE ON THIS SUBJECT

IS TITLE 18, UNITED STATES CODE SECTION 922(g)(1), WHICH

PROVIDES, IN RELEVANT PART:

> IT SHALL BE UNLAWFUL FOR ANY PERSON WHO HAS BEEN
> CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY IMPRISONMENT
> FOR A TERM EXCEEDING ONE YEAR TO . . . POSSESS IN OR
> AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION ... WHICH HAS
> BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN
> COMMERCE.

### AUTHORITY

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>,
Instruction 35-45.

14

## REQUEST NO. 10
## ELEMENTS OF COUNT ONE

IN ORDER TO FIND MR. SMITH GUILTY OF THE CHARGE CONTAINED IN THE INDICTMENT, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT EACH OF THE FOLLOWING THREE ELEMENTS:

FIRST, THAT MR. SMITH PREVIOUSLY WAS CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR; AND

SECOND, THAT ON OR ABOUT JANUARY 5, 2008, MR. SMITH KNOWINGLY POSSESSED A FIREARM OR AMMUNITION; AND

THIRD, THAT THE DEFENDANT'S POSSESSION OF THAT FIREARM OR AMMUNITION WAS IN OR AFFECTED INTERSTATE COMMERCE.

IF THE GOVERNMENT FAILS TO PROVE ANY ONE OF THESE ELEMENTS BEYOND A REASONABLE DOUBT, THEN YOU MUST ACQUIT MR. SMITH.


### AUTHORITY


Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction No. 35-47

15

## REQUEST NO. 11
## FIRST ELEMENT - DEFENDANT'S PRIOR CONVICTION

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A
REASONABLE DOUBT IS THAT BEFORE JANUARY 5, 2008, THE DATE JASON
SMITH IS CHARGED WITH POSSESSING THE FIREARM OR AMMUNITION, HE
HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A
TERM EXCEEDING ONE YEAR.  MR. SMITH AND THE GOVERNMENT HAVE
STIPULATED, OR AGREED, THAT MR. SMITH WAS CONVICTED OF A CRIME,
AND THAT THIS CRIME WAS PUNISHABLE BY IMPRISONMENT FOR A TERM
EXCEEDING ONE YEAR.

I INSTRUCT YOU THAT MR. SMITH'S PRIOR CONVICTION IS AN
ELEMENT OF THE CHARGE.  IT IS NOT DISPUTED.  IT IS TO BE
CONSIDERED BY YOU ONLY FOR THE LIMITED PURPOSE OF DETERMINING
WHETHER THIS FIRST ELEMENT IS SATISFIED, AND FOR NO OTHER REASON.
YOU ARE NOT TO CONSIDER IT FOR ANY OTHER PURPOSE.  YOU ARE NOT TO
SPECULATE AS TO WHAT THE CONVICTION WAS FOR.  YOU MAY NOT
CONSIDER THE PRIOR CONVICTION IN ANY WAY IN DECIDING WHETHER THE
GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT JASON SMITH
WAS IN KNOWING POSSESSION OF THE GUN OR AMMUNITION, WHICH IS
DISPUTED.

### AUTHORITY

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>,
Instruction No. 35-48.

16

## REQUEST NO. 12
## SECOND ELEMENT - POSSESSION OF A FIREARM OR AMMUNITION

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT, ON OR ABOUT JANUARY 5, 2008, JASON SMITH KNOWINGLY POSSESSED A FIREARM OR AMMUNITION.

THE FIREARM DESCRIBED IN THE INDICTMENT IS A 9MM CALIBER HI-POINT HANDGUN. THE AMMUNITION ARE 9MM CALIBER BULLETS.  THUS, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT MR. SMITH KNOWINGLY POSSESSED A FIREARM OR AMMUNITION ON OR ABOUT JANUARY 5, 2008.

A FIREARM IS ANY WEAPON THAT WILL, OR IS DESIGNED TO, EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE.

WHAT CONSTITUTES "POSSESSION"?

THE WORD "POSSESS" MEANS TO HAVE SOMETHING WITHIN YOUR CONTROL.  IT DOES NOT NECESSARILY MEAN THAT YOU MUST PHYSICALLY HAVE IT IN YOUR HAND.  AS LONG AS A FIREARM OR AMMUNITION IS IN A PERSON'S ACTUAL CONTROL, HE POSSESSES IT.  THUS, IF YOU FIND THAT MR. SMITH HAD BOTH THE POWER AND THE INTENTION TO EXERCISE CONTROL OVER THE FIREARM OR AMMUNITION, YOU MAY FIND THAT THE GOVERNMENT HAS PROVEN POSSESSION.

TO SATISFY THIS ELEMENT, YOU MUST FIND THAT ON OR ABOUT JANUARY 5, 2008, MR. SMITH KNOWINGLY POSSESSED THE INDICATED FIREARM OR AMMUNITION.  THIS MEANS THAT YOU MUST FIND THAT HE POSSESSED THE FIREARM OR AMMUNITION PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR BY MISTAKE.  POSSESSION CANNOT BE FOUND

17

SOLELY ON THE BASIS THAT A PERSON WAS NEAR A FIREARM OR

AMMUNITION OR ON THE BASIS THAT A FIREARM OR AMMUNITION WAS

ACCESSIBLE TO HIM.  IF YOU FIND THAT MR. SMITH DID NOT KNOW THAT

HE HAD THE FIREARM OR AMMUNITION IN HIS POSSESSION, THEN YOU MUST

FIND HIM NOT GUILTY.


**AUTHORITY**

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u> -
Instruction # 35-49; <u>United States v. Vasquez</u>, 82 F.3d 574, 577-
78 (2d Cir. 1996); <u>see</u> <u>also</u> the instructions of the Hon. Denise
L. Cote in <u>United States v. Christian Paulino</u>, 03 Cr. 727 (DLC)
on constructive possession ("Possession of a controlled substance
cannot be found solely on the ground that a person was near the
cocaine or around a place where the drugs were stored").

## REQUEST NO. 13

## THIRD ELEMENT -  IN OR AFFECTING COMMERCE

THE GOVERNMENT MUST ALSO PROVE BEYOND A REASONABLE DOUBT

THAT THE FIREARM OR AMMUNITION DESCRIBED IN THE INDICTMENT WAS

POSSESSED "IN OR AFFECTING COMMERCE."  THE PHRASE "IN OR

AFFECTING COMMERCE" INCLUDES, BUT IS NOT LIMITED TO, COMMERCE

BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE OF THAT STATE.

THE GOVERNMENT MAY MEET ITS BURDEN OF PROOF ON THE QUESTION OF

"IN OR AFFECTING COMMERCE" IF IT PROVES TO YOU BEYOND A

REASONABLE DOUBT THAT THE FIREARM OR AMMUNITION IDENTIFIED IN THE

INDICTMENT HAD TRAVELED ACROSS A STATE BOUNDARY LINE AT ANY TIME

PRIOR TO JANUARY 5, 2008.  IF YOU FIND BEYOND A REASONABLE DOUBT

THAT THE FIREARM OR AMMUNITION IN QUESTION TRAVELED ACROSS A

STATE BOUNDARY LINE THEN YOU MAY, BUT ARE NOT REQUIRED TO, FIND

THAT IT WAS POSSESSED "IN OR AFFECTING COMMERCE."


### AUTHORITY

Adapted from Sand, et. al., Modern Federal Jury Instructions,
Instruction No. 35-50 and Manual of Model Criminal Jury
Instructions for the District Courts of the Eighth Circuit,
Instruction No. 6.18.922 (2000).

19

**REQUEST NO. 14 -**

**SUMMARY OF COUNT TWO OF THE INDICTMENT**

COUNT TWO OF THE INDICTMENT CHARGES THAT ON OR ABOUT JANUARY 5, 2008, IN THE SOUTHERN DISTRICT OF NEW YORK, JASON SMITH, KNOWINGLY AND INTENTIONALLY POSSESSED MARIJUANA, A CONTROLLED SUBSTANCE.

**AUTHORITY**

O'Malley et al., <u>Federal Jury Practice and Instructions</u>, § 64.10 (5th ed.).

20

## REQUEST NO. 15

### ELEMENTS OF SIMPLE POSSESSION

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF POSSESSION OF A CONTROLLED SUBSTANCE AS CHARGED IN COUNT TWO OF THE INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT JASON SMITH KNOWINGLY AND INTENTIONALLY POSSESSED MARIJUANA, THE CONTROLLED SUBSTANCE DESCRIBED IN COUNT TWO OF THE INDICTMENT;

SECOND, AT THE TIME OF SUCH POSSESSION, JASON SMITH KNEW THAT THIS SUBSTANCE WAS MARIJUANA; AND

THIRD, JASON SMITH DID NOT POSSESS THE CONTROLLED SUBSTANCE PURSUANT TO A VALID PRESCRIPTION OR ORDER.

### AUTHORITY

O'Malley et al., Federal Jury Practice and Instructions, § 64.12 (5th ed.).

21

## REQUEST NO. 16

### "CONTROLLED SUBSTANCE" DEFINED

YOU ARE INSTRUCTED, AS A MATTER OF LAW, THAT MARIJUANA IS A
CONTROLLED SUBSTANCE.  IT IS SOLELY FOR THE JURY TO DETERMINE,
HOWEVER, WHETHER OR NOT THE GOVERNMENT HAS PROVEN BEYOND A
REASONABLE DOUBT THAT MR. SMITH POSSESSED A SUBSTANCE THAT WAS
MARIJUANA.

### AUTHORITY

O'Malley et al., Federal Jury Practice and Instructions, § 64.13
(5th ed.).

Dated:   New York, New York
         July 31, 2008

                         Respectfully Submitted,

                         LEONARD F. JOY, ESQ.

                    By:  _Fiona Doherty_____
                         **FIONA M. DOHERTY, ESQ.**
                         **DEIRDRE D. VON DORNUM, ESQ.**
                         Federal Defenders of New York
                         Attorneys for Defendant
                            **Jason Smith**
                         52 Duane Street - 10th Floor
                         New York, New York 10007
                         Tel.: (718)330-1208/(212)417-8734

                                    23